IN THE DISTRICT COURT OF WAGONER COUNTY
STATE OF OKLAHOMA

DANNY BASHAM,

    Plaintiff;

vs.

ACTION GROUP STAFFING, a domestic for profit business corporation, and UNARCO INDUSTRIES, LLC, a foreign limited liability company,

    Defendants.

WAGONER COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

AUG 2 7 2015

JAMES E. HIGHT
COURT CLERK

Case No. CJ-2015-0298

## PETITION

COMES NOW Plaintiff, Danny Basham, for his cause of action against Defendants, Action Group Staffing, a domestic for-profit business corporation and Unarco Industries, LLC, a foreign limited liability company, states as follows:

### THE PARTIES

1. Plaintiff, Danny Basham, is a citizen and resident of Muskogee County, Oklahoma.

2. Defendant, Unarco, is a foreign limited liability company conducting business in Wagoner County, Oklahoma.

3. Defendant, Action Group Staffing, is a domestic for-profit business corporation conducting business in Wagoner County, Oklahoma.

### JURISDICTION AND VENUE

4. This is an action arising from Defendant's conduct, which includes, but is not limited to, the wrongful termination of Plaintiff and the discriminatory treatment of Plaintiff.

1

**EXHIBIT 2**

5. The claims at issue herein arose in Wagoner County, Oklahoma.

6. Both Defendants conduct business in Wagoner County, Oklahoma.

7. Because Defendants conduct business in Wagoner County and the claims at issue herein arose in Wagoner County, Wagoner County district court is a proper venue.

## THE CAUSE OF ACTION

8. Plaintiff was hired by Defendants on or about September 26, 2014.

9. Plaintiff is an African-American male.

10. Plaintiff is over the age of forty (40).

11. Plaintiff was hired by Defendants as a General Labor/Quality Inspector.

12. Plaintiff was the oldest employee working for Defendants as a General Labor/Quality Inspector.

13. Plaintiff was subjected to constant harassment because of his age by Defendants' supervisors, which included comments telling Plaintiff "you are too old for this job" and "this is a young man's job."

14. Plaintiff was subjected to constant harassment because of his race by Defendants' supervisors, which included comments that referred to Plaintiff as a "ni**er."

15. Plaintiff complained of the harassment to Defendants' supervisors and requested a job transfer to escape the harassment.

16. Defendants failed to address the harassment and ignored Plaintiff's request of a job transfer.

17. In October of 2014, Plaintiff suffered an on-the-job injury that resulted in a disabling condition.

18. Plaintiff requested a treatment accommodation from Defendants, which was denied.

19. In November of 2014, Plaintiff was terminated by Defendants.

20. Defendant Action Group Staffing has refused to re-assign Plaintiff to any further jobs.

2

21. Plaintiff has exhausted all administrative requirements before filing this action.

## FIRST CAUSE OF ACTION: RACE DISCRIMINATION—HOSTILE WORK ENVIRONMENT

22. Plaintiff incorporates as if fully restated all of the allegations previously written.

23. Plaintiff was subjected to unwelcome, offensive, and harassing racially discriminatory conduct during his employment with Defendants, which was perpetrated upon him by his managers and coworkers, and this conduct was based upon and directed at Plaintiff by reason of his race.

24. Plaintiff provided notice to Defendants, which was otherwise aware, of the racially harassing and discriminatory conduct, but Defendants failed to take any appropriate corrective action.

25. This racially harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile, and offensive working environment.

26. This racially harassing and discriminatory conduct created an atmosphere of hostility which severely damaged Plaintiff's reputation in the eyes of his co-workers and supervisors.

27. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's right. During the course of his employment, Plaintiff was forced to work in a racially discriminatory and hostile environment. Defendants were put on notice of the racially discriminatory nature of its employees and failed to take immediate corrective action, all to Plaintiff's detriment.

28. Defendants were aware of the hostile work environment and acquiesced in the environment.

29. The harassing employees aggressive racially harassing behavior was open and obvious to other employees, both management and non-management at Defendants.

3

30. As a direct and proximate result of the harassing and hostile environment of Defendants, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

## SECOND CAUSE OF ACTION: RACE DISCRIMINATION— WRONGFUL TERMINATION

31. Plaintiff incorporates as if fully restated all of the allegations previously written.

32. During the course of Plaintiff's employment with Defendants, it discriminated against Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of his race, in violation of Title VII of the Civil Rights Act of 1986, 42 U.S.C. §2000e et. Seq., the Oklahoma Anti-Discrimination Act, and 42 U.S.C 1981.

33. The above-described unwelcome race discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

34. As a result of the hostile and offensive work environment perpetrated and maintained by Defendants and its employees and Defendants' failure to protect Plaintiff from such discrimination, Plaintiff suffered humiliation, emotional distress, and physical pain.

35. Defendants through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its employees.

36. Defendants failed to take all reasonable and necessary steps to eliminate racial discrimination from the workplace and to prevent it from occurring in the future.

37. Plaintiff's employment was terminated by Defendants because of his race.

38. As a further direct and proximate result of Defendants violation of Title VII of the Civil Rights Act of 1964, the Oklahoma Anti-Discrimination Act and 42 U.S.C. 1981, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and has thereby and will continue

to incur legal fees and costs, the full nature and extent of which are presently unknown to him.

## THIRD CAUSE OF ACTION: AGE DISCRIMINATION—HOSTILE WORK ENVIRONMENT

39. Holly Jones incorporates as if fully restated all of the allegations previously written.

40. Plaintiff was subjected to unwelcome, offensive, and harassing age-related discriminatory conduct during his employment with Defendants, which was perpetrated upon him by his managers and coworkers, and this conduct was based upon and directed at Plaintiff by reason of his race.

41. Plaintiff provided notice to Defendants, which was otherwise aware, of the age-related harassing and discriminatory conduct, but Defendants failed to take any appropriate corrective action.

42. This age-related harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile, and offensive working environment.

43. This age-related harassing and discriminatory conduct created an atmosphere of hostility which severely damaged Plaintiff's reputation in the eyes of his co-workers and supervisors.

44. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's right. During the course of his employment, Plaintiff was forced to work in a age-related discriminatory and hostile environment. Defendants were put on notice of the age-related discriminatory nature of its employees and failed to take immediate corrective action, all to Plaintiff's detriment.

45. Defendants were aware of the hostile work environment and acquiesced in the environment.

46. The harassing employees aggressive age-related harassing behavior was open and obvious to other employees, both management and non-management at Defendants.

47. As a direct and proximate result of the harassing and hostile environment of Defendants, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

## FOURTH CAUSE OF ACTION: AGE DISCRIMINATION—WRONGFUL TERMINATION

48. Plaintiff incorporates as if fully restated all of the allegations previously written.

49. During the course of Plaintiff's employment with Defendants, it discriminated against Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of his age, in violation of the Age Discrimination in Employment Act of 1967.

50. The above-described unwelcome age discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

51. As a result of the hostile and offensive work environment perpetrated and maintained by Defendants and its employees and Defendants' failure to protect Plaintiff from such discrimination, Plaintiff suffered humiliation, emotional distress, and physical pain.

52. Defendants through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its employees.

53. Defendants failed to take all reasonable and necessary steps to eliminate age discrimination from the workplace and to prevent it from occurring in the future.

54. Plaintiff's employment was terminated by Defendants because of his age.

55. As a further direct and proximate result of Defendants violation of the Age Discrimination in Employment Act of 1967, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants

and has thereby and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to him.

## FIFTH CAUSE OF ACTION: NEGLIGENT HIRING, SUPERVISION, AND RETENTION

56. Plaintiff incorporates as if fully restated all of the allegations previously written.

57. As herein alleged, Defendants, by and through its officers, managing agents, employees and/or its supervisors, failed to adequately hire, supervise, and retain employees that would refrain from retaliating against and/or discriminatorily harassing Plaintiff.

## SIXTH CAUSE OF ACTION: DISABILITY DISCRIMINATION—WRONGFUL TERMINATION

58. Plaintiff incorporates as if fully restated all of the allegations previously written.

59. During the course of Plaintiff's employment with Defendants, it discriminated against Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of his record of disability and being regarded as having a disability, in violation of the Americans with Disabilities Act.

60. The above-described unwelcome disability-related discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

61. As a result of the hostile and offensive work environment perpetrated and maintained by Defendants and its employees and Defendants' failure to protect Plaintiff from such discrimination, Plaintiff suffered humiliation, emotional distress, and physical pain.

62. Defendants through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its employees.

63. Defendants failed to take all reasonable and necessary steps to eliminate disability-related discrimination from the workplace and to prevent it from occurring in the future.

64. Plaintiff's employment was terminated by Defendants because of his disability or being regarded as having a disability.

65. As a further direct and proximate result of Defendants violation of the Americans with Disabilities Act, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and has thereby and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to him.

## SEVENTH CAUSE OF ACTION: WORKERS COMPENSATION RETALIATION

66. Plaintiff incorporates as if fully restated all of the allegations previously written.

67. Defendants discriminated against and retaliated against Plaintiff after the Plaintiff's good faith reporting of an injury and cause to be instituted of a workers' compensation claim.

## DUTIES OWED BY DEFENDANTS

68. Defendants owe a duty to all of its employees to ensure employees are not subjected to a hostile work environment because of their age, race, or disability

69. Defendants owe a duty to all of its employees to not hire, fire, discipline, or retaliate against them based upon their age, race, or disability

70. Defendants owe a duty to all of its employees to not retaliate against its employees for filing a workers' compensation claim.

71. Defendants owe a duty to its employees to ensure they are not called racially disparaging names, such as "ni**er."

72. Defendants owe a duty to its employees to ensure they are not harassed because of their age, such as telling its employees "you are too old for this job."

## DUTIES VIOLATED BY DEFENDANTS

73. Defendants violated their duty to Plaintiff to ensure he was not subjected to a hostile work environment because of his age, race, or disability.

74. Defendants violated their duty to Plaintiff to not fire, discipline, or retaliate against him because of his age, race, or disability.

75. Defendants violated their duty to Plaintiff to not retaliate against him for filing a workers' compensation claim.

76. Defendants violated their duty to Plaintiff to ensure he was not called racially disparaging names, such as "ni**er."

77. Defendants violated their duty to Plaintiff to ensure he was not harassed because of his such, such as the employees and supervisors telling him "you are too old for this job."

## CAUSATION OF PLAINTIFF'S DAMAGES

78. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages described hereafter.

## DAMAGES SUSTAINED BY PLAINTIFF

79. Plaintiff has suffered lost earnings, past and future, and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future; and other compensatory damages.

80. Defendants' actions were willful, wanton, or, at the least, in reckless disregard of Plaintiff's rights; therefore, Plaintiff is entitled to punitive damages.

## DEMAND FOR JURY TRIAL

81. The Plaintiff demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

82. The Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff, Danny Basham, prays for judgment against the Defendants, in a sum excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332 (currently $75,000.00) plus interest, costs, attorney's fees, punitive damages, and all such other and further relief as to which Plaintiff may be entitled.

Respectfully submitted,

*(signature)*

Chris Hammons, OBA #20233
LAIRD HAMMONS LAIRD, PLLC
1230 S.W. 89th St., Suite A
Oklahoma City, OK 73139
Telephone:   405.703.4567
Facsimile:   405.703.4061
E-mail: Chris@lhllaw.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**